IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CR-134-RLJ-HBG |
| | ) | |
| KEVIN L. BRANDENBURG, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION**

This case came before the Court on August 9, 2018, for a detention hearing to determine the Defendant's release status pending his revocation hearing before District Judge Leon Jordan on a Petition For Warrant For Offender Under Supervision. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Bobby Hutson represented the Defendant, who was also present. The Government asked the Court to detain the Defendant pending his revocation hearing, arguing that he is a danger to the community due to repeated drug use, specifically, cocaine. The Defendant sought release pending his revocation hearing. He proposed that he continue to live with his sister, that he remain on the same conditions previously imposed, and that he continue his employment.

Considering the evidence proffered and the arguments at the hearing, along with the Court file, the Court finds with regard to detention, that no condition or combination of conditions will reasonably assure the safety of any person or the community. 18 U.S.C. § 3142(e). With respect to the release or detention of persons appearing for an alleged violation of probation or supervised release, the Court shall order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the

community if released. Fed. R. Crim. P. 32.1(a)(6); *see also* 18 U.S.C. § 3143(a). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6).

The Court has considered the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. *See also United States v. Stone*, 608 F.3d 939 (6th Cir. 2010). The nature and circumstances of the violations alleged in this case involve a controlled substance, cocaine. *See* 18 U.S.C. § 3142(g)(1). The parties agreed that the Defendant has produced four drug screens positive for cocaine. Drug trafficking activity and the use of illegal drugs is inherently dangerous. Second, the Court finds the weight of the evidence of the Defendant's dangerousness to be great, due to multiple positive drug screens. 18 U.S.C. § 3142(g)(2); *see Stone*, 608 F.3d at 948 (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

The third factor focuses on the Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). The Court observes that the Defendant has a stable place to live with his sister, has worked while on supervised release, has made restitution payments, and has generally complied with the terms of his supervised release, with the significant exception of positive drug screens for cocaine. However, the Court finds that the Defendant has a prior revocation in this case for drug use, and the Court finds that the Defendant was on federal supervised release at the time he committed the alleged violations. These facts support detention. *See* 18 U.S.C. § 3142(g)(3)(B).

The final factor looks to the nature and seriousness of the danger that would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g)(4). The Court also finds this factor to weigh in favor of detention, given the testimony that the Defendant is continuing to obtain and use illegal drugs.

The Defendant has failed to carry his burden of showing that he is not a danger to the community. The Defendant has also failed to show that release on his prior conditions or any conditions would reasonably assure the safety of the community. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community, and therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. The Defendant is **ORDERED** to appear for a revocation hearing before United States District Judge Leon Jordan on **September 10, 2018, at 11:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge